**NOTE COURT'S CLARIFICATION TO ¶ 10 OF ORDER**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO PINA,<br><br>         *Plaintiff,*<br><br>    vs.<br><br>THE CITY OF LOS ANGELES, THE LOS ANGELES POLICE DEPARTMENT, ERIK MAJIA, BRIAN PRESTON, EARL WILLIAMS AND DOES 1 THRU 50, INCLUSIVE,<br><br>         *Defendants.*<br>_____ | Case No. CV13-04989 FMO (MRWx)<br>*Hon.Fernando M. Olguin - Ctrm. 22, 5th Floor*<br>*Hon. Mag.Michael R. Wilner - Ctrm. H, 9th Floor*<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION** |

WHEREAS the parties have agreed that Defendants City of Los Angeles, et al. ("City Defendants") will produce documents and information the City Defendants maintain as confidential, such as the Force Investigation Division ("FID") report, currently in the possession of the City Defendants, pursuant to a Protective Order (Court Dkt. #35);

WHEREAS defendants assert that the confidentiality of the documents and information that they have agreed to produce is recognized by California and federal law, as evidenced inter alia by California Evidence Code section §1040, et seq. and Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976);

WHEREAS, the Defendants have not publicly released the documents and information

1

referenced above except under protective order or pursuant to court order, if at all;

WHEREAS, these documents and information are of the type that has been used to initiate disciplinary action against Los Angeles Police Department ("LAPD") officers, and has been used as evidence in disciplinary proceedings, where the officers' conduct was considered to be contrary to LAPD policy;

WHEREAS, Defendants contend that absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers named or referred to in the confidential documents and information;

WHEREAS defendants contend that the unfettered disclosure of the confidential documents and information, including the FID report, or any portion of them, absent a protective order, would allow the media to share this information with potential jurors in the area, impacting the rights of the defendants herein to receive a fair trial;

WHEREAS as of the date of this Stipulation, Plaintiff has not seen any of the documents that City Defendants claim are confidential;

WHEREAS Plaintiff reserves his right in accordance with Local Rule 37 to challenge the confidential designation of any documents so designated;

Accordingly, the parties stipulate as follows:

1.      Any party (hereinafter "Disclosing Party(ies)") may designate as confidential the documents and information, including the FID report, which they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the documents and information contain confidential or private information.  The documents and information, including the FID report, may be classified as subject to this protective order by marking the them with an electronic watermark, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect.  The documents and information, including the FID report, and all privileged

information derived therefrom [hereinafter collectively referred to as "Confidential Information"], shall be treated in accordance with the terms of this Stipulation. In making this designation, the Disclosing Parties are also representing that no portion of the Confidential Information is segregable and, therefore, subject to production without restriction as "Confidential."

2. The Confidential Information may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3. Subject to the further conditions imposed by this Stipulation, the Confidential Information, or any portion of it, may only be disclosed to the Court and to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Parties to this civil litigation;;

(c) Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

(d) Expert witnesses consulted and/or retained for this action; and

(e) The judge and court personnel, including stenographic reporters.

4. Prior to the disclosure of any Confidential Information, or any portion thereof, to any person described in paragraph 3(a),(c) or (d), counsel for the Receiving Party who seeks to use or disclose the Confidential Information shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said "Confidential Information" sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

5. Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving

Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel.  If an issue arises regarding a purported unauthorized disclosure of the Confidential Information, or any portion thereof, upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed material(s), in camera with the Court having jurisdiction of the Stipulation.

6.  If a deposition in this case contains either a confidential document as an Exhibit or testimony concerning the contents of a confidential document, the court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles, Los Angeles Police Department and Los Angeles Fire Department, or any other current or former employee of the Los Angeles Police Department and/or Los Angeles Fire Department, shall be subject to this Order.  In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, the Confidential Information, or any portion thereof, and all testimony involving information derived from the Confidential Information shall be segregated from the rest of the deposition.  No copies of such segregated "Confidential Information" portions of the materials described above shall be provided  to any persons other than those persons identified in paragraph 3.  Nothing in this agreement is intended to limit the rights of third parties to obtain such "Confidential Information" through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the "Confidential Information".

7.  If a deposition in this case contains either a confidential document as an Exhibit or testimony concerning the contents of a confidential document, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by Defendants City of Los Angeles, Los Angeles Police Department and Los Angeles Fire Department, or

1   any other current or former employee of the Los Angeles Police Department and/or Los
2   Angeles Fire Department during the "Confidential" sections of said depositions.

3          8.     Upon final termination of this litigation, including any appeal pertaining thereto,
4   all material(s) still classified as "Confidential Information" at that time, and all copies
5   thereof, including copies provided to any qualified person in paragraph 3 herein above, shall
6   be returned to the Disclosing Party within thirty (30) days.

7          9.     If any Receiving Party who receives "Confidential Information" is served with
8   a subpoena or other request seeking "Confidential Information", s/he or it shall immediately
9   upon receipt give written notice to counsel for the Disclosing Parties, identifying the
10  "Confidential Information" sought and the time in which production or other disclosure is
11  required.  Such notice shall be given sufficiently in advance of the date for production or
12  other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring
13  production or other disclosure, or to otherwise respond to the subpoena or other request for
14  production or disclosure of "Confidential Information".   However, in no event should
15  production or disclosure be made without prior written approval by the Disclosing Party's
16  Counsel unless required by court order arising from a motion to compel production or
17  disclosure of "Confidential Information".

18         10.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other
19  written submissions to the Court in this litigation which contain or incorporate "Confidential
20  Information" **will be accompanied by an application requesting under** seal filing pursuant
21  to Local Rule 79-5, which governs the filing of documents under seal. Any other pleadings,
22  motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but
23  do not contain or incorporate "Confidential Information", shall designate the particular
24  aspects that are confidential so as to enable the Court, in drafting presumptively public orders
25  relating to these filings under seal, to determine whether there is evidence which the Court
26  should attempt not to disclose. If any papers to be filed with the Court contain protected
27  information, the proposed filing shall be accompanied by an application **under Rule 79-5**
28  to file the papers or the portion thereof containing the protected information, under seal and

that the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of "Confidential Information" be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise. The terms of this agreement do not apply to evidence presented at trial. Any party seeking to limit the introduction of "Confidential Information" at trial shall take the matter up with the judicial officer conducting the proceeding at the appropriate time.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any "Confidential Information" into evidence on grounds including, but not limited to, relevance and privilege.

13. Any Receiving Party may make a motion with the Court at a later time, in accordance with LR 37, to have the documents designated by the Disclosing Party as "Confidential Information" deemed not confidential, and thus, no longer subject to a protective order.

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

/ / /

/ / /

/ / /

/ / /

/ / /

16.     Disclosing parties retain the right to disclose or release the Confidential Information outside the terms of this stipulation, but acknowledge that doing so may result in a waiver of the confidentiality of the Confidential Information.

*IT IS SO ORDERED.*

Dated: July 24, 2014               By:_____

                                   HONORABLE MICHAEL R. WILNER

                                   UNITED STATES MAGISTRATE JUDGE

7