LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Melanie T. Partow, Esq. (SBN 254843)
mpartow@galipolaw.com
21800 Burbank Blvd,, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

*Attorneys for Plaintiff*
SERGIO PINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO PINA, an individual,<br><br>                              Plaintiff,<br><br>         vs.<br><br>THE CITY OF LOS ANGELES, a municipality; ERIK MEJIA, an individual; JASON SCHWAB, an individual; CARLOS LOZANO, an individual; CLIFF CHU, an individual; JASON MALIK, an individual; JEFFREY BRUNER, an individual; BRIAN PRESTON, an individual; EARL WILLIAMS, an individual; ROBERT HEISERMAN, an individual; and VICTOR PAPPAS, an individual,<br><br>                              Defendants. | Case No. CV 13-4989 FMP (MRWx)<br>Consol: w/ CV15-0756 FMO (MRWx)<br><br>[*Honorable Fernando M. Olguin*]<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1.  Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. §1983)<br>2.  Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983)<br>3.  Denial of Medical Care (42 U.S.C. §1983<br>4.  Municipal Liability for Unconstitutional Custom, Practice, or Policy—(42 U.S.C. § 1983)<br>5.  False Arrest/ False Imprisonment<br>6.  Battery (Wrongful Death)<br>7.  Negligence (Wrongful Death)<br>8.  Bane Act<br><br>**DEMAND FOR JURY TRIAL** |

## SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiff SERGIO PINA, for his Second Amended Complaint against THE CITY OF LOS ANGELES, ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN, and VICTOR PAPPAS, alleges as follows:

## INTRODUCTION

1.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer involved shooting of Plaintiff, SERGIO PINA, on February 2, 2013.

2.       Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS proximately caused Plaintiff's injuries by integrally participating in, failing to intervene in, and firing the shots that resulted in his permanent injuries. Defendants ROBERT HEISERMAN AND VICTOR PAPPAS incorrectly informed other LAPD police officers that SERGIO PINA was armed and had a gun, causing the LAPD officers to fire the shots that resulted PINA's permanent injuries. Defendant JASON SCHWAB proximately caused Plaintiff's injuries by commanding a police dog to attack the plaintiff after plaintiff had already been shot multiple times, when plaintiff was on the ground, when plaintiff was unarmed, and when plaintiff posed no imminent threat of death or serious bodily injury to anyone.  Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

3.       Defendant CITY OF LOS ANGELES ("CITY") is vicariously liable under state law.

4.       The policies and customs behind shootings of civilians, such SERGIO PINA, are fundamentally unconstitutional and constitute a menace of major proportions to the public.  Accordingly, insofar as Plaintiff herein seeks by means of this civil rights action to hold accountable those responsible for the injuries of SERGIO PINA and to challenge the CITY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## **PARTIES**

5.       At all -relevant times, SERGIO PINA ("PLAINTIFF") was an individual residing in Los Angeles County, California.

6.     At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS who were CITY police officers, and DOES 7-10 who were CITY police officers supervisorial officers, or managerial, supervisorial, and policymaking employees of the CITY Police Department.  On information and belief, at all relevant times, ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS and DOES 1-10 were residents of Los Angeles County, California. ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS and DOES 1-10 are sued in their individual capacity for damages only.

7.     At all relevant times, Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

8.     At all relevant times, Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS

and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

9. In doing the acts and failing and omitting to act as hereinafter described, Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

10. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

11. The true names of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sues these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12. On March 15, 2013, PLAINTIFF filed comprehensive and timely claims for damages with CITY pursuant to applicable sections of the California Government Code.

13. On April 18, 2013, CITY rejected said claims by formal notice.

## JURISDICTION AND VENUE

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.   Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.   PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17.   On or about February 2, 2013, at approximately 10:30 p.m., Plaintiff was walking from a liquor store on the corner Main Street and Century Boulevard where he had just bought beer and cigarettes.

18.   Officers BRIAN PRESTON and EARL WILLIAMS were assigned a call about a male suspect carrying a handgun around the vicinity of 102nd and Main Street.  They came upon the Plaintiff walking and attempted to stop him.

19.   When Plaintiff did not comply with the stop, police pursued Plaintiff with the help of other responding units and a police helicopter.

20.   Defendant SCHWAB was among the K-9 units that responded with police dogs.  Defendant HEISERMAN the tactical flight officer in the police helicopter.  Defendant PAPPAS was the pilot in command piloting the police helicopter.

21.   SERGIO PINA was unarmed and was not seen committing any crime. SERGIO PINA also never fired a weapon at anyone and never harmed anyone. Nevertheless, information was given by LAPD air support (HEISERMAN and PAPPAS) to other responding LAPD officers, that SERGIO PINA was armed with a gun.  Further information was given by LAPD air support (HEISERMAN and PAPPAS) that SERGIO PINA fired a weapon.  Neither HEISERMAN or PAPPAS

1  ever actually saw SERGIO PINA with a gun, nor did either defendant ever see any
2  muzzle flash coming from the area around SERGIO PINA.

3      22.    The incorrect information provided by LAPD air support caused the
4  other LAPD responding officers to react to SERGIO PINA as if he was armed with
5  a deadly weapon.

6      23.    The incorrect information provided by LAPD air support caused the
7  other LAPD responding officers to react to SERGIO PINA as if PINA had fired a
8  gun.

9      24.    The incorrect information provided by LAPD air support caused the
10 other LAPD responding officers to use deadly force against SERGION PINA by
11 firing their guns at PINA and by releasing police dogs to attack PINA.  The use of
12 deadly force against SERGIO PINA caused him permanent injuries.

13     25.    Near 136 E. 102nd Street, Defendants ERIK MEJIA, JASON
14 SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY
15 BRUNER, BRIAN PRESTON, EARL WILLIAMS discharged their firearms at
16 PLAINTIFF, without warning, striking him in the back and left leg and thereafter,
17 released a police dog upon him, causing PLAINTIFF serious physical injury,
18 including permanent paralysis.

19     26.    At the time of the shooting, PLAINTIFF was facing away from
20 Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU,
21 JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS,
22 and talking on his cell phone when he was shot in the back and leg.

23     27.    At the time of the shooting, PLAINTIFF was unarmed and at no time
24 during the incident did he verbally threaten or attempt to cause injury to ERIK
25 MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK,
26 JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, or any other person.

27

28

28.   At the time of the shooting, PLAINTIFF posed no imminent threat of death or serious physical injury to ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, or any other person, especially since he was unarmed and faced away from Defendants when he was shot in the back and leg. Further, there were several alternative means of responding to the situation and/or apprehending SERGIO PINA.

29.   After shots were fired at SERGIO PINA and after SCHWAB himself fired two shots at SERGIO PINA, which plaintiff is informed and believes SCHWAB perceived struck SERGIO PINA, SCHWAB ordered and commanded his police dog to attack PINA.  At the time that SHWAB ordered and commanded his police dog to attack PINA, PINA had already been shot, had already fallen to the ground, was lying face down on the ground, was unarmed, SCHWAB did not see any weapon, SCHWAB could see PINA'S hands out above his head on the ground, and SCHWAB could see that PINA had nothing in his hands.  SCHWAB commanded his police dog to attack PINA knowing that the dog was reasonably likely to use lethal force on PINA or in the least, to seriously injure or permanently maim PINA.  The police dog commanded to attack PINA caused him serious injury and permanent scarring.

30.   At the time SCHWAB commanded his police dog to attack PINA, PLAINTIFF was unarmed and at no time during the incident did he verbally threaten or attempt to cause injury to SCHWAB or any other person.

31.   At the time SCHWAB commanded his police dog to attack PINA, PLAINTIFF posed no imminent threat of death or serious physical injury to SCHWAB or any other person, especially since he was unarmed, lying on the ground, and had already been shot and was seriously injured.  Further, there were several alternative means of responding to the situation and/or apprehending

1  SERGIO PINA and a containment area had already been set and was being

2  monitored by police helicopter.

3       32.     Upon information and belief ERIK MEJIA, JASON SCHWAB,

4  CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN

5  PRESTON, and EARL WILLIAMS, although having actual and constructive notice

6  and knowledge of PLAINTIFF's serious medical conditions, especially since

7  PLAINTIFF had already been fired upon and struck by the gunfire and since a

8  police dogs was commanded to and did attack PLAINTIFF, disregarded

9  PLAINTIFF'S medical needs.  As a result of the use of force by Defendants against

10  PLAINTIFF and the failure to obtain appropriate and timely medical care for him,

11  PLAINTIFF experienced severe pain and suffering, resulting in permanent

12  paralysis.

13       33.     On information and belief, ERIK MEJIA, JASON SCHWAB,

14  CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN

15  PRESTON, and EARL WILLIAMS, had no information that PLAINTIFF had

16  committed a felony.

17       34.     The use of deadly force against PINA was excessive and objectively

18  unreasonable under the circumstances, especially because PINA did not pose an

19  immediate threat of death or serious bodily injury to anyone at the time of the

20  shooting.

21

22

23

24

25

26

27

28

-9-

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

(Against Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS)

35.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.    PINA was detained and arrested and placed in handcuffs by Los Angeles police officers in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the PINA under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  The detention and arrest violated PINA's constitutional rights because he was not observed committing or about to commit any crime, nor was there reasonable suspicion or probable cause to so believe.  PINA was never seen with any weapon and never threatened or attempted to harm anyone.

37.    ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS were integral participants and or failed to intervene in the unreasonable detention and arrest of PINA.  Defendants broadcasted incorrect facts and/or failed to correct the broadcast of facts, such as that PINA had a gun and that PINA fired a gun, that Defendants did not actually see, even though both Defendants knew that LAPD officers on the ground were relying on this broadcasted information in deciding what kind of force to use against PINA, if any, while taking him into custody.

38.    When Defendants shot PINA and placed him in handcuffs, they violated PINA's right to be secure in his person against unreasonable searches and

1  seizures as guaranteed to the PINA under the Fourth Amendment to the United
2  States Constitution and applied to state actors by the Fourteenth Amendment.

3        39.     Defendants detained PINA without reasonable suspicion and arrested
4  him without probable cause.

5        40.     The conduct of Defendants was willful, wanton, malicious, and done
6  with reckless disregard for the rights and safety of PINA and therefore warrants the
7  imposition of exemplary and punitive damages against them.

8        41.     As a result of their misconduct, Defendants are liable for PINA's
9  injuries, either because they were integral participants in the wrongful detention and
10  arrest, or because they failed to intervene to prevent these violations.  Plaintiff does
11  not seek punitive damages against the CITY.

12        42.     Plaintiff seeks compensatory damages for the violation of his rights and
13  for his past, present, and future injuries.

14        43.     Plaintiff also seeks attorney fees under this claim.

15

16  **SECOND CLAIM FOR RELIEF**

17  **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

18  (Against Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO,
19  CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL
20  WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS)

21        44.     Plaintiff repeats and realleges each and every allegation in paragraphs 1
22  through 43 of this Complaint with the same force and effect as if fully set forth
23  herein.

24        45.     Defendants' unjustified shooting deprived PINA of his right to be
25  secure in his person against unreasonable searches and seizures as guaranteed to
26  PINA under the Fourth Amendment to the United States Constitution and applied to
27  state actors by the Fourteenth Amendment.

28

-11-

46.     The shooting was excessive and unreasonable, especially because PINA posed no immediate threat of death or serious bodily injury at the time of the shooting.

47.     Defendant JASON SCHWAB'S unjustified use of deadly force against PINA in releasing a police dog to attack PINA when he was unarmed, hadn't threatened anyone, had already been shot (by, among others, Defendant SCHWAB), was seriously injured, was lying face down on the ground, had his hands outstretched on the ground over his head, had nothing in his hands, and was compliant with commands deprived PINA of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PINA under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     As a result of their misconduct and or nonfeasance in reporting to responding LAPD Officers on the ground that PINA had a gun and had fired a gun even though they had seen no gun anywhere on PINA's person and saw no muzzle flash coming anywhere from around PINA, ROBERT HEISERMAN and VICTOR PAPPAS are liable for PINA's injuries, either because they were integral participants in the excessive force used by the responding deputies on the ground or because they failed to intervene to prevent the excessive force.  The conduct of HEISERMAN AND PAPPAS proximately caused the use of excessive force against PINA.

49.     The shooting of PINA, the integral participation and failure to intervene in the shooting by the non-shooting officers, and the commands to release a police dog to attack PINA were excessive and unreasonable, especially because PINA posed no immediate threat of death or serious bodily injury at any time.

50.     As a result, PINA suffered a violation of his constitutional rights and suffered permanent injuries and extreme past, present and future pain and suffering.

51.    Defendants' conduct violated their training.

52.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PINA and therefore warrants the imposition of exemplary and punitive damages as to individual Defendant Officers. Plaintiff does not seek punitive damages against the CITY.

53.    Plaintiff seeks compensatory damages for the violation of his rights and for his past, present and future injuries.

54.    Plaintiff also seeks attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN, and VICTOR PAPPAS)

55.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.    The denial of medical care by Defendants deprived PINA of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PINA under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57.    As a result, PINA has suffered extreme pain and suffering and permanent injury and loss of earning capacity.

58.    Defendants knew that failure to provide timely medical treatment to PINA could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing PINA great bodily harm and injury, including permanent injury.

59.   The conduct of was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PINA and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendant Officers.  Plaintiff does not seek punitive damages against the CITY.

60.   As a result of their misconduct, Defendants are liable for PINA's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent the denial of medical care.

61.   Plaintiff seeks compensatory damages for the violation of his rights and for his past, present, and future injuries.

62.   Plaintiff also seeks attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 7-10)

63.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 62 of this Second Amended Complaint with the same force and effect as if fully set forth herein.

64.   On information and belief, Defendants CITY and DOES 7-10 determined that the unjustified shooting of PINA was within LAPD policy.

65.   On information and belief, Defendants' unjustified shooting of PINA was ratified by LAPD supervisorial officers.

66.   On information and belief, Defendants were not disciplined for the unjustified shooting of PINA.

67.   On and for some time prior to January 14, 2013 (and continuing to the present date), Defendants CITY and DOES 7-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PINA, and of persons in his class, situation and comparable position

in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

       (a)   Employing and retaining as police officers and other personnel, including the individual defendant officers in this case, whom Defendants CITY and DOES 7-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LApD policies, including the use of excessive force;

       (b)   Of inadequately supervising, training, controlling, assigning, and disciplining LAPD Officers and other personnel, including the individual defendants in this case, whom Defendants CITY and DOES 7-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

       (c)   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by the individual defendant officers in this case, who are LAPD officers and/or agents of CITY;

       (d)   By failing to discipline CITY police officers and/or agents' conduct, including but not limited to, unlawful detention, excessive force and denial of medical care;

       (e)   By ratifying the intentional misconduct of the individual defendant officers in this case and other LAPD officers and/ or agents, who are police officers and/or agents of CITY;

(f)     By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Defendants CITY and DOES 7-10 were maintained with a deliberate indifference to individuals' safety and rights; and

(g)     By failing to properly investigate claims of unlawful detention and excessive force by CITY police officers.

68.     By reason of the aforementioned policies and practices of Defendants CITY and DOES 7-10, PINA suffered violations of his federal constitutional rights, was permanently injured, and suffered past, present, and future injuries and pain and suffering.

69.     Defendants CITY and DOES 7-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PINA, Plaintiff, and other individuals similarly situated.

70.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 7-10 acted with intentional, reckless, and callous disregard for the life of PINA and for PINA's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 7-10 were

1    affirmatively linked to and were a significantly influential force behind the injuries

2    of PINA.

3        71.    The actions of each of Defendants DOES 7-10 were willful, wanton,

4    oppressive, malicious, fraudulent, and extremely offensive and unconscionable to

5    any person of normal sensibilities, and therefore warrants the imposition of

6    exemplary and punitive damages as to Defendants DOES 7-10.

7        72.    Accordingly, Defendants CiTY and DOES 7-10 each are liable to

8    Plaintiff for compensatory damages under 42 U.S.C. § 1983.

9        73.    Plaintiff seeks compensatory damages for the violations of his federal

10   constitutional rights and for his past prsent and future injuries and pain and

11   suffering.

12       74.    Plaintiff also seeks attorney fees under this claim.

13   **FIFTH CLAIM FOR RELIEF**

14   **False Arrest/False Imprisonment**

15   (Against Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO,

16   CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL

17   WILLIAMS and CITY)

18       75.    Plaintiff repeats and re-alleges each and every allegation in

19   paragraphs 1 through 74 of this Second Amended Complaint with the same force

20   and effect as if fully set forth herein.

21       76.    Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO,

22   CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, and

23   EARL WILLIAMS, while working as police officers for the LAPD and acting

24   within the course and scope of their duties, intentionally deprived PINA of his

25   freedom of movement for an appreciable length of time by use of force, threats of

26   force, menace, fraud, deceit, and unreasonable duress.  ERIK MEJIA, JASON

27   SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY

28

1    BRUNER, BRIAN PRESTON, and EARL WILLIAMS intentionally detained and

2    confined PINA without reasonable suspicion and arrested him without probable

3    cause and without lawful privilege.

4        77.    PINA did not knowingly or voluntarily consent.

5        78.    The conduct of ERIK MEJIA, JASON SCHWAB, CARLOS

6    LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN

7    PRESTON, and EARL WILLIAMS was a substantial factor in causing the harm to

8    PINA.

9        79.    Defendant CITY is vicariously liable for the wrongful acts of

10   Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU,

11   JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, and EARL WILLIAMS

12   pursuant to section 815.2(a) of the California Government Code, which provides

13   that a public entity is liable for the injuries caused by its employees within the scope

14   of the employment if the employee's act would subject him or her to liability.

15       80.    The conduct of ERIK MEJIA, JASON SCHWAB, CARLOS

16   LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN

17   PRESTON, and EARL WILLIAMS was malicious, wanton, oppressive, and

18   accomplished with a conscious disregard for the rights of PINA, entitling Plaintiff to

19   an award of exemplary and punitive damages.  Plaintiff does not seek punitive

20   damages against the CITY.

21       81.    As a result of their misconduct, Defendants ERIK MEJIA, JASON

22   SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY

23   BRUNER, BRIAN PRESTON, and EARL WILLIAMS are liable for PINA's

24   injuries, either because they were integral participants in the wrongful detention and

25   arrest, or because they failed to intervene to prevent these violations.

26

27

28

82.    Plaintiff seeks compensatory damages for the violation of his rights and for his past, present and future injury.  Plaintiff also seeks attorney fees for this claim as it vindicates an issue important to the public interest.

### SIXTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Against Defendants ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, ROBERT HEISERMAN, VICTOR PAPPAS, and CITY)

83.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84.    ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, and JEFFREY BRUNER, ROBERT HEISERMAN and VICTOR PAPPAS, while working as police officers for the LAPD, and acting within the course and scope of their duties, intentionally shot PINA and/or caused PINA to be shot multiple times. SCHWAB while working as police officers for the LAPD, and acting within the course and scope of their duties, intentionally commanded his police dog to attack PINA.  HEISERMAN and PAPPAS intentionally informed responding LAPD officers that PINA was armed with a gun and that he had fired said gun, causing LAPD officers to shoot PINA.  As a result of the actions of ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, ROBERT HEISERMAN and VICTOR PAPPAS, PINA suffered past, present and future permanent injuries and severe pain and suffering and also lost his earning capacity.  ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS

had no legal justification for using deadly force against PINA or for causing deadly force to be used against PINA, and said Defendants' use of force while carrying out their duties as police officers was an unreasonable use of force.

85.     Defendants' use of force was not privileged.

86.     As a direct and proximate result of the conduct of ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS as alleged above, PINA suffered permanent injury and past, present, and future injury and pain and suffering.

87.     Defendants DOES 1-10, inclusive, are directly liable and responsible for the acts of the individual defendant officers because DOES 7-10, inclusive, failed to adequately train, discipline, supervise, or in any other way control Defendants DOE DEPUTIES in the exercise of their unlawful use of excessive and lethal force.

88.     The CITY is vicariously liable for the wrongful acts of the individually named defendant officers pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89.     The conduct of ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PINA, entitling Plaintiff to an award of exemplary and punitive damages as to the individual named Defendants.  Plaintiff does not seek punitive damages against the CITY.

90.     Plaintiff also seeks compensatory damages and attorney fees, as this claim presents an issue important to the public interest.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS)

91.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 90 of this Second Amended Complaint with the same force and effect as if fully set forth herein.

92.     The actions and inactions of Defendants were negligent and reckless, including but not limited to:

    a.    the failure to properly and adequately assess the situation involving PINA, including but not limited to reporting facts as observed from their helicopter on which they knew or reasonably should know responding LAPD officers on the ground would rely in deciding whether and/or what level of force to use, if any, against PINA;

    (b)    reporting and broadcasting facts to other responding officers that they themselves did not actually observe;

    (c)    failing to correct previously reported and broadcasted incorrect information on which they knew other officers would rely in deciding to use force;

    (d)    releasing a police dog and commanding it to attack someone who had already been shot, was unarmed, was on the ground, whose hands were visible, who had nothing in his hands, who had not threatened anyone, who was complying with police commands

and when a containment perimeter had already been set up and
was being monitored by a police helicopter;

(c)   the negligent detention, arrest, and use of force, including deadly
force, against PINA;

(d)   the failure to provide prompt medical care to PINA;

(e)   the failure to properly train and supervise employees, both
professional and non-professional, including DOES 1-10;

(f)   the failure to ensure that adequate numbers of employees with
appropriate education and training were available to meet the
needs of and protect the rights of PINA.

93.   As a direct and proximate result of Defendants' conduct as alleged
above, and other undiscovered negligent conduct, PINA was caused to suffer and
continues to suffer from severe pain and suffering and permanent injury.  Also as a
direct and proximate result of Defendants' conduct as alleged above, Plaintiff
suffered extreme and severe mental anguish and pain and has been injured in mind
and body.

94.   The CITY is vicariously liable for the wrongful acts of the individual
defendant officers pursuant to section 815.2(a) of the California Government Code,
which provides that a public entity is liable for the injuries caused by its employees
within the scope of the employment if the employee's act would subject him or her
to liability.

95.   Plaintiff seeks compensatory damages and attorney fees for this claim.

**EIGTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civ. Code §52.1 and California Common Law)**

(Against all Defendants)

96.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 95 of this Second Amended Complaint with the same force and effect as if fully set forth herein.

97.    The California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts against another person for exercising that person's constitutional rights.

98.    On February 2, 2013, PINA exercised his constitutional right to be free from unlawful detentions and unreasonable seizures.  There was no reasonable suspicion to detain or probable cause to arrest PINA and PINA nonetheless posed no imminent threat of death or serious bodily injury to any person or officer. The individual officer defendants, while working as Police Officers for the CITY, and acting within the course and scope of their duties, interfered with or attempted to interfere with PINA's rights to be free from unreasonable searches and seizures and to be free from state actions that shock the conscience, by committing acts involving violence, threats, coercion, or intimidation when they pointed their guns at PINA, shooting PINA, and releasing a K-9 to attack PINA while attempting to apprehend him.

99.    The individual officer defendants injured PINA by violence or threatened acts of violence to prevent PINA from exercising his rights or retaliated against PINA for having exercised his rights.

100.    PINA was caused to suffer and continues to suffer severe pain and suffering and permanent injury.

101.    The conduct of the individual officer defendants was a substantial factor in causing the harm, losses, injuries, and damages of PINA.

102.   CITY is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

103.   The conduct of the individual officer defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PINA, entitling him to an award of exemplary and punitive damages.

104.   Plaintiff seeks compensatory damages.  Plaintiff also seeks attorney fees under this claim.

///

///

///

SECOND AMENDED COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants the City of Los Angeles and ERIK MEJIA, JASON SCHWAB, CARLOS LOZANO, CLIFF CHU, JASON MALIK, JEFFREY BRUNER, BRIAN PRESTON, EARL WILLIAMS, ROBERT HEISERMAN and VICTOR PAPPAS inclusive, as follows:

A.    For compensatory damages, including past, present and future pain and suffering and medical expenses;

B.    For loss of earning capacity;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For interest;

E.    For reasonable costs of this suit and attorneys' fees; and

F.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  October 19, 2015          LAW OFFICES OF DALE K. GALIPO

By_____/s Melanie T. Partow
Dale K. Galipo
Melanie T. Partow
Attorneys for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury.

DATED:  October 19, 2015          LAW OFFICES OF DALE K. GALIPO

By_____/s Melanie T. Partow_____
    Dale K. Galipo
    Melanie T. Partow
    Attorneys for Plaintiff

-26-